UNITED STATES DISTRICT COURT
FILED

June 7, 2000

EASTERN DISTRICT OF LOUISIANA
Loretta G. Whyte, Clerk

MINUTE ENTRY
FELDMAN, J.
JUNE 6, 2000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BOSTON OLD COLONY                    CIVIL ACTION

VERSUS                               NO: 00-305

BEAN HORIZON CORP.                   SECTION: "F"

A Preliminary Pre-Trial conference was held this date.

PRESENT:

STANLEY COHN

ANDRE MOULEDOUX

Pleadings have not been completed.  Jurisdiction and venue are established.

All pre-trial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than 30 days prior to the trial date.  Any motions filed in violation of this order shall be deemed waived unless good cause is shown.  All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the Court.

Counsel shall complete all disclosure of information as follows:

Depositions for trial use shall be taken and all discovery shall be completed no later than 30 days prior to Final Pretrial Conference Date.

Amendments to pleadings, third-party actions, cross-claims, and counter-claims shall be filed no later than 30 days from  the date of the Preliminary Conference.

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

Written reports of experts, including

_____Fee_____
_____Process_____
X__Dktd_____
X__CtRmDep._____
_____Doc.No._____

DATE OF ENTRY:  June 7, 2000

treating physicians, who may be witnesses for Plaintiff fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than 90 days prior to Final Pretrial Conference Date.

Written reports of experts, including treating physicians, who may be witnesses for Defendant fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than 60 days prior to Final Pretrial Conference Date.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits which may or will be used at trial no later than 60 days prior to Final Pretrial Conference Date.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

Settlement possibilities were discussed. A further settlement conference will be scheduled at any time at the request of any party to this action.

This case does not involve extensive documentary evidence, depositions or other discovery.

A final pre-trial conference will be held before the District Judge on **THURS NOVEMBER 15, 2000 AT 1:45 P.M.**. Counsel will be prepared in accordance with the final Pre-Trial Notice attached.

Trial will commence on **MON. DECEMBER 18, 2000 AT 9:00 A.M.** before the District Judge **WITHOUT** a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 2 day(s).

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be extended automatically, unless otherwise ordered by the Court.



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

## PRE-TRIAL NOTICE

IT IS ORDERED that a Pre-trial Conference will be held in chambers before Judge Martin L.C. Feldman, Section "F", in the cases shown on the attached Minute Entry on the dates and the times indicated.

The purpose of the Pre-trial Conference is to secure a just and speedy determination of the issues. If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal pre-trial order that will be reviewed and entered at this conference is as follows:

I.

The pre-trial order, in duplicate, must be delivered to the Court's chambers by 4:30 p.m. on a day that allows one full work day prior to the conference, excluding Saturdays, Sundays and holidays (e.g., if the conference is set for 10:00 a.m. Friday, it must be delivered by 4:30 p.m. Wednesday. If the conference is set on Monday, the pre-trial order must be delivered to the Judge on Thursday by 4:30 p.m.).

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be the duty of that party to communicate immediately with the Court. The conference of counsel shall be held at least ten days prior to the date of the scheduled Pre-trial Conference in order for counsel for all parties can furnish each other with a statement of the real issues to which each party will offer evidence in support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate

issues of fact from the standpoint of each party. Counsel for plaintiff then will prepare a pre-trial order and submit it to opposing counsel, after which all counsel jointly will submit the **original and one copy** of the final draft of the proposed pre-trial order to the Judge.

III.

At their meeting, counsel **must** consider the following:

A.   **Jurisdiction.**   Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make a reasonable effort to ascertain that the Court has jurisdiction.

B.   **Parties.**   Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C.   **Joinder.**   Questions of misjoinder or nonjoinder of parties.

IV.

At the Pre-trial Conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order. Save your time, the Court's time, and the client's time and money.

V.

The Pre-trial Conference **must** be attended by the attorneys who will try the case, unless prior to the conference the Court grants permission for other counsel to attend. These attorneys will familiarize themselves with the pre-trial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial Conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

-2-

VII.

Failure on the part of counsel to appear at the confer-
ence may result in **sanctions**, including but not limited to sua
sponte dismissal of the suit, assessment of costs and attorney
fees, default or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses
raised in the pleadings must be called to the Court's attention in
the pre-trial order.

**EACH NUMBERED PARAGRAPH IS TO BE PRECEDED
BY A HEADING DESCRIPTIVE OF ITS CONTENT**

IX.

The pre-trial order shall bear the signatures of all
counsel at the time it is submitted to the Court; the pre-trial
order shall contain an appropriate signature space for the Judge.
Following the Pre-trial Conference, the signed copy of the order
shall be filed into the record, and the additional copy shall be
retained in the Judge's work file.  The order will set forth:

1.  The date of the Pre-trial Conference.

2.  The appearance of counsel identifying the party(s)
    represented.

3.  A description of the parties, and in cases of insurance
    carriers, their insured must be identified.  The legal
    relationships of all parties with reference to the
    claims, counterclaims, third-party claims and cross
    claims, etc.

4.  a.  With respect to jurisdiction, a brief summary of
        the factual basis supporting each claim asserted,
        whether original claim, counterclaim or third-party
        claim, etc., and, the legal and jurisdictional
        basis for each such claim, or if contested, the
        jurisdictional questions;

    b.  In diversity damage suits, there is authority for
        dismissing the action, either before or after
        trial, where it appears that the damages reasonably
        could not come within the jurisdictional limita-
        tion.  Therefore, the proposed pre-trial order in
        such cases shall contain either a stipulation that
        $75,000 (or for a case commenced before January 17,
        1997, $50,000; or for a case commenced before May

-3-

18, 1989, $10,000) is involved or a resume of the evidence supporting the claim that such sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of pre-trial, a brief summary of those matters and the position of each party with respect thereto should be included in the pre-trial order.

6. A brief summary of the material facts claimed by:
   a. Plaintiff
   b. Defendant
   c. Other parties.

7. A **single listing** of all uncontested material facts.

8. A **single listing** of the contested issues of fact. (This does not mean that counsel must **concur** in a statement of the issues; it simply means that they must list in a single list all issues of fact.) Where applicable, particularities concerning the following fact issues shall be set forth:

   a. Whenever there is in issue the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

   b. Whenever there is in issue negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

   c. Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

   d. Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

   e. Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both

-4-

those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

f.   Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the pre-trial order;

g.   If special damages are sought, they shall be item-ized with particularity.  (See Fed. R. Civ. P. 9(g));

h.   If a conspiracy is charged, the details of facts constituting the conspiracy shall be particular-ized.

9.   A **single listing** of the contested issues of law.  (See explanation in 8 above.)

10.  For each party, a list and description of exhibits intended to be introduced at the trial.  Prior to the confection of the pre-trial order, the parties shall meet, exchange copies of all exhibits, and agree as to their authenticity and relevancy.  As to any exhibits to which the parties cannot agree, memoranda shall be submitted on or before **five working days** prior to trial.

a.   Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pre-trial order.

b.   If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may ex parte request a confer-ence with the Court and make his position known to the Court in camera.

c.   Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct.  If there are such exhibits, the pre-trial order will state:  The

parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the Pre-trial Conference.

d.  In addition to the formal list of exhibits, counsel shall prepare copies for opposing counsel and a bench book of tabbed exhibits delivered to the Court **five working days** before the start of the trial. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, then sufficient copies of such exhibits must be available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used. The Clerk of Court has available an opaque projector, and arrangements for its use should be made directly with the Clerk.

e.  Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be included for use at trial.

f.  Each counsel shall submit to the Court on the day of trial a list of exhibits properly marked for identification which he or she desires to use at trial.

11. a.  A list of all deposition testimony to be offered into evidence. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit. As to all objections to the testimony which cannot be amicably resolved, the parties shall deliver to the Court, not less than **three days** prior to trial, a statement identifying the portions objected to, and the ground therefor. Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

b.  In non-jury trials, the parties shall, at least **five days** prior to trial, submit to the Court:

A summary of what each party intends to prove and convey to the Court by the deposition

-6-

testimony, including, where appropriate, particular page and line reference to said depositions. The parties shall indicate to the Court by page and line numbers, those parts of the deposition which each party intends to use, and upon which each party shall rely, in proving their respective cases.

12. a. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments;

b. Either a stipulation that the parties have no objection to the use of the listed objects for such purpose, or a statement of the objections to their use; and a statement that if other such objects are to be used by any party, they will be submitted to opposing counsel at least **three days** prior to trial and, if there is then opposition to their use, the dispute will be submitted to the Court at least **one day** prior to trial.

13. a. A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

b. A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

c. Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance

-7-

with all provisions of the pre-trial order and prior court orders;

d.  Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than **three full working days** before trial.

14.  A statement indicating whether the case is a jury or non-jury case.

a.  If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified.  In jury cases, add the following provisions:

"Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than **five working days** prior to the trial date, unless specific leave to the contrary is granted by the Court."

b.  In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required.  Same are to be submitted not less than **five full working days** prior to trial.

c.  In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court.  However, any party may in any event submit such memoranda not less than **five working days** prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15.  In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum."  It is the policy of this Court in appropriate cases to try issues of liability and quantum separately.

-8-

Accordingly, counsel should be prepared to discuss at the Pre-trial Conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on _____, at _____ a.m./p.m. A realistic estimate of the number of trial days is required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given. In addition, the proposed order must contain a sentence including any trial dates and times previously assigned.

18. The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties and the Judge.

   **IT IS FURTHER ORDERED** that the foregoing pre-trial notice be mailed to counsel of record for all parties to these cases, and counsel will comply with the directions set forth herein.

New Orleans, Louisiana
8·16·99
_____          _____
                                  UNITED STATES DISTRICT JUDGE

-9-